UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JAMES SWEENEY,

    Plaintiff,                               CASE NO.:

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, James Sweeney, by and through the undersigned counsel, and sues Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like OCWEN LOAN SERVICING, LLC from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The current principal place of business of Defendant is in Palm Beach County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

### FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Pennsylvania, residing in Montgomery County, Pennsylvania.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Delaware with its principal place of business located at 1661 Worthington Road #100, West Palm Beach, Florida 33409, and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. OCWEN LOAN SERVICING, LLC called Plaintiff approximately one thousand (1,000) times in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls OCWEN LOAN SERVICING, LLC made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

Plaintiff will testify that his knew it was an autodialer because of the vast number of calls he received, because he heard a pause when he answered his phone before a voice came on the line, because he was the victim of "abandoned" calls where there was no agent available to take the robo-call after Plaintiff picked up the phone, and/or he received prerecorded messages from OCWEN LOAN SERVICING, LLC.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (267) ***-9685, and was the called party and recipient of Defendant's calls.

14. OCWEN LOAN SERVICING, LLC placed an exorbitant number of automated calls to Plaintiff's cellular telephone (267) ***-9685 in an attempt to collect on a mortgage debt.

15. On several occasions, dating back to at least 2012, Plaintiff instructed Defendant's agent(s) to stop calling his cellular telephone.

16. On or about mid-2012, Plaintiff communicated with Defendant from his aforementioned cellular telephone number and instructed Defendant's agent to cease calling. Plaintiff was forced to raise his voice and scream to Defendant's agent to "please leave me alone."

17. On another occasion in 2012, Plaintiff received an automated phone call from Defendant; Plaintiff told Defendant's agent that "you're harassing me to no end, leave me alone."

18. Plaintiff was only able to make the calls cease when the mortgage was transferred to another lender.

19. OCWEN LOAN SERVICING, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

20. OCWEN LOAN SERVICING, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or OCWEN LOAN SERVICING, LLC, to remove the number.

21. OCWEN LOAN SERVICING, LLC's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to OCWEN LOAN SERVICING, LLC they do not wish to be called.

22. OCWEN LOAN SERVICING, LLC has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

23. OCWEN LOAN SERVICING, LLC has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

24. OCWEN LOAN SERVICING, LLC has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

25. OCWEN LOAN SERVICING, LLC's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from OCWEN LOAN SERVICING, LLC call list.

26. OCWEN LOAN SERVICING, LLC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

27. Not one of OCWEN LOAN SERVICING, LLC's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

28. OCWEN LOAN SERVICING, LLC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

29. From each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

30. From each and every call without express consent placed by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from OCWEN LOAN SERVICING, LLC call.

31. From each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

32. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

34. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

35. Each and every call placed without express consent by OCWEN LOAN SERVICING, LLC to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

36. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, and aggravation.

37. Specifically, Plaintiff and his family were going through significant personal matters, and the repeated harassment from Defendant only made matters worse.

38. Plaintiff works in the medical field during the evening shift, this leaves the day time for Plaintiff to sleep; however, Defendant's repeated harassment would often interrupt Plaintiff's sleep that was critical for his occupation.

## COUNT I
**(Violation of the TCPA)**

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. OCWEN LOAN SERVICING, LLC willfully and/or knowingly violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified OCWEN LOAN SERVICING, LLC that Plaintiff wished for the calls to stop

41. OCWEN LOAN SERVICING, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against OCWEN LOAN SERVICING, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

    */s/ Octavio Gomez*
    OCTAVIO GOMEZ, ESQUIRE
    Florida Bar No.: 0338620
    MORGAN & MORGAN, TAMPA
    One Tampa City Center

        201 N. Franklin Street, Suite 700
        Tampa, FL 33602
        Telephone: (813) 223-5505
        Facsimile: (813) 223-5402
        TGomez@ForThePeople.com
        JKneeland@ForThePeople.com
        JDerry@ForThePeople.com
        *Attorney for Plaintiff*